UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH MCLAUGHLIN and JOSHUA WOOD,<br><br>        Plaintiffs,<br><br>    v.<br><br>City of LOWELL,<br><br>        Defendant. | Civil Action No. 1:14-cv-10270-DPW |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES AND LITIGATION EXPENSES**

      Under 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54, and this Court's October 23, 2015 Order, the Plaintiffs move for an award of reasonable attorney's fees and litigation expenses. On October 23, 2015, this Court held that Code of the City of Lowell § 222-15 ("Ordinance") was unconstitutional on its face, because it violated the rights of Plaintiffs and others to engage in speech under the First Amendment.

      As the prevailing party, Plaintiffs are authorized under Section 1988 to seek their reasonable attorney's fees and litigation expenses. As discussed in greater detail below, Plaintiffs achieved a complete victory on their constitutional claims in a decision that will inform state and local legislatures nationwide as they consider whether to adopt laws regulating speech-related activities. Plaintiffs' success was due in no small part to the specialized expertise in First Amendment law and extensive experience Plaintiffs' counsel brought to bear in representing

1

Plaintiffs. Accordingly, Plaintiffs' counsel seek a reasonable fee award compensating them for their costs and expenses incurred in realizing this decisive outcome.

I.     **PLAINTIFFFS' ATTORNEYS' FEES ARE REASONABLE.**

Plaintiffs were represented by attorneys from Goodwin Procter LLP and the American Civil Liberties Union of Massachusetts ("ACLU of Massachusetts"). Plaintiffs' counsel, as described in greater detail below, in part focus their practice on constitutional litigation and have developed specialized expertise in litigating First Amendment claims. The ACLU of Massachusetts retained Goodwin Procter to assist it on a *pro bono* basis in challenging the constitutionality of the Ordinance. After paying its out-of-pocket expenses, Goodwin Procter has committed to donate the remainder of any fee award to the ACLU of Massachusetts to further its mission. *See* November 6, 2015 Affidavit of Kevin P. Martin at ¶ 17.

- **Plaintiffs Secured a Complete Victory on Their First Amendment Claims, Which Invalidated the Ordinance in its Entirety**.

Plaintiffs are Lowell residents who have historically engaged in the solicitation of donations within the City of Lowell. On November 12, 2013, City of Lowell Code § 222-15 (the "Ordinance") was amended to bar the solicitation of immediate donations in the approximately 400 acre Downtown Lowell Historic District with an exemption for solicitations made on behalf of 501(c) tax exempt organizations. The Ordinance was subsequently amended on February 4, 2014 to bar supposedly aggressive solicitation throughout the City the Lowell, and on March 3, 2015 to allow non-vocal solicitation in the Downtown Historic District. The intended and practical effect of the Ordinance as initially passed and amended was to silence and criminalize panhandling, a constitutionally-protected form of speech, in traditional public fora. As the Supreme Court recently reminded, courts reserve their most searching judicial scrutiny for

laws—like the Ordinance—that restrict speech and assembly in "traditional public fora," which "occupy a 'special position in terms of First Amendment protection' because of their historic role as sites for discussion and debate." *McCullen v. Coakley*, 134 S. Ct. 2518, 2519 (2014).

Following extensive discovery conducted at the City's request and briefing and argument on the parties' cross-motions for summary judgment, this Court ruled that the Ordinance was a content-based restriction on speech subject to strict scrutiny. This Court held that the Ordinance failed strict scrutiny because it lacked a compelling state interest and was not narrowly tailored to meet the City's asserted public safety interests. This Court's ruling on Plaintiffs' claims will advance fundamental free speech rights by reiterating to governments that they may not stifle disfavored forms of protected speech. When the case began there was no directly applicable precedent with respect to First Amendment challenges to bans on panhandling in a historic district or bans on "aggressive" solicitation. And these were not simple issues, as evidenced by the adverse First Circuit decision in *Thayer* with respect to Worcester's similar aggressive panhandling law, which necessitated a petition for certiorari to the Supreme Court that resulted in the First Circuit's decision being vacated and remanded. Plaintiffs' case clarifies the limits the First Amendment imposes on governments seeking to regulate solicitations, which this Court correctly recognized is protected speech under the First Amendment.

- **The City's Actions Unnecessarily Expanded Plaintiffs' Litigation Costs**

At numerous stages of the litigation the City's actions increased the scope of the litigation without cause. From the beginning, Plaintiffs' counsel attempted to avoid litigation by contacting the City to identify the unconstitutional nature of the Ordinance and request that it be rescinded. *See* Exhibit 1, November 21, 2013 Letter from Kevin P. Martin to City of Lowell. Rather than rescind the Ordinance, the City of Lowell chose to expand it, amending the

3

Ordinance on February 4, 2014 to bar allegedly "aggressive" panhandling throughout the City and to eliminate the exemption for 501(c) organizations. This required Plaintiffs' counsel to redraft the initial complaint and accompanying motion for preliminary injunction.

Plaintiffs' counsel also attempted to streamline litigation by foregoing discovery. At the April 14, 2014 preliminary injunction hearing and in subsequent correspondence to the Court, the Plaintiffs maintained their position that discovery was unnecessary and requested that the Court treat their preliminary injunction motion as a request for final judgment. *See* ECF 50. The City disagreed, requesting discovery. *Id.*

The Plaintiffs' position that discovery was unnecessary proved correct—this Court's decision did not turn on information elicited during discovery but on the face of the Ordinance. The City's position on discovery substantially added to the Plaintiffs' litigation costs, requiring (*inter alia*) counsel to prepare for and depose five witnesses the City identified as potential trial witnesses as well as preparing for and representing the two Plaintiffs in depositions. While not included in fees sought by the Plaintiffs (as detailed below), Plaintiffs' counsel also spent a considerable amount of time addressing the City's request for the Plaintiffs' criminal records. As with discovery in general, these records proved to have no bearing on the Court's conclusion that the Ordinance was facially unconstitutional as argued by Plaintiffs; indeed, the City scarcely referenced them in its summary judgment briefing.

The City's unreasonable actions continued through summary judgment briefing. The City choose to spend a considerable amount of time briefing the inapplicable secondary effects doctrine, which required Plaintiffs' counsel conduct additional research to demonstrate the inapplicability of that doctrine to the case and spend time briefing the issue. The City also chose to submit lengthy, unsupported proposed findings of facts that proved irrelevant. Plaintiffs'

4

counsel spent a substantial amount of time addressing the City's proposed findings. The expense of discovery and summary judgment briefing was further increased by the City's reliance on three years' worth of police reports, totaling over 700 supposed incidents of aggressive panhandling, to defend the law. When the City invoked this evidence in support of its own motion for summary judgment, Plaintiffs were reasonably required to present their own argument concerning this mass of evidence in their opposition brief.

The City's litigation tactics unnecessarily increased the work load for Plaintiffs' counsel, substantially contributing to increased litigation costs. The City, not the Plaintiffs, should bear the associated cost increase. *See, e.g., LaPlante v. Pepe*, 307 F.Supp.2d 219, 221-223 (D. Mass. 2004) (agreeing that "minimal legal research and litigation was necessary to establish th[e] claim" and finding opposing counsel should bear the burden of its diversionary tactics).

- **As the Prevailing Party, Plaintiffs' Are Entitled to Their Reasonable Fees.**

It is well-settled that in civil rights cases a "reasonable" fee is to be a "fully compensatory fee," *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983), and is to be "calculated on the basis of rates and practices prevailing in the relevant market." *Missouri v. Jenkins*, 491 U.S. 274, 286 (1989). The First Circuit has held that "awards in favor of prevailing civil rights plaintiffs are virtually obligatory." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001).

Awarding fees under Section 1988 "requires a two-part inquiry: 1) whether the plaintiff is the prevailing party, and 2) if the plaintiff is a prevailing party, what constitutes a reasonable fee award." *Boston's Children First v. City of Boston*, 395 F.3d 10, 14 (1st Cir. 2005). Here, there is no question that Plaintiffs are the "prevailing party" as the relief they sought—invalidation of the Code of the City of Lowell § 222-15 as an unconstitutional restriction on their free speech

5

rights—was granted by this Court.

With respect to determining a "reasonable fee award," this Court applies the "lodestar" method, which is "the product of the number of hours appropriately worked times a reasonable hourly rate or rates." *Hutchinson v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011). Constructing the appropriate "lodestar" involves "establishing the prevailing hourly rate (or schedule of rates) in the community for the performance of similar legal services by comparably credentialed counsel." *Hutchinson*, 636 F.3d at 16.

- **Counsel's Fee Petition Is Based On Competitive Boston, MA Rates.**

Plaintiffs achieved a complete victory in this Court, due in large measure to the specialized expertise in First Amendment law and extensive First Amendment experience Plaintiffs' counsel brought to bear in representing Plaintiffs. Over the last three years, Goodwin Procter and the ACLU of Massachusetts have been at the forefront in litigating constitutional challenges to ordinances adopted by municipalities to limited protected speech. In fact, Goodwin Procter attorneys involved in this case have represented politicians, political activists and the homeless in asserting First Amendment rights in the face of overbroad speech restrictions enacted in Portland, ME, Worcester, MA, Tampa, FL and Henrico County, VA.[1]

Plaintiffs' counsel gained cost-saving efficiencies by leveraging this expertise in this case, including by staffing the litigation team with attorneys—like Attorneys Martin, Segal and Wunsch—who are actively litigating similar First Amendment challenges in other federal courts

---

[1] *See Thayer, et al. v. City of Worcester*, Civil Action No. 13-40057-TSH (D. Mass.); *Thayer, et al. v. City of Worcester*, No. 13-2355 (1st Cir.); *Homeless Helping Homeless, Inc. v. City of Tampa, Florida*, Civil Action No. 8:15-cv-01219-SDM-EAJ (M.D. Fla.); *Cutting v. City of Portland*, Civil Action No. 2:13-CV-359-GZS (D. Me.); *Cutting v. City of Portland*, No. 14-1421 (1st Cir.); Reynolds v. Middleton, Case No. 3:12-cv-00779-JAG (E.D. Va); *Reynolds v. Middleton*, No. 13-2389 (4th Cir.).

and relying on existing work product where it was reasonable to do so.  Moreover, wherever possible, work on the case was performed by attorneys with the lowest billable rate, and each attorney contributed productive, non-duplicative hours towards achieving justice for Plaintiffs.  This strategic and prudent staffing achieved significant cost-saving efficiencies.

In light of the important constitutional issues at stake and this Court's decisive ruling in Plaintiffs' favor, Plaintiffs' counsel are entitled to their reasonable fees incurred in realizing this outcome.  These reasonable fees also include the time counsel spent preparing this fee petition, which will be submitted to the court in a supplemental filing.  *See Sullivan v. City of Augusta*, 625 F. Supp. 2d 28, 48-49 (D. Maine 2009) (reimbursing Plaintiffs' counsel for all 40.3 hours of work billed towards litigating the fee request); *Love v. Mayor, City of Cheyenne, Wyo.*, 620 F.2d 235, 237 (10th Cir. 1980) (holding that plaintiff is entitled to attorney's fees for work done on appeal and for work done in resolving a fee issue dispute).

Together with this fee petition, Plaintiffs submit the declaration of Michael Barton verifying that the rates upon which counsel's time has been calculated reflect discounted Boston, MA rates for legal work of attorneys with similar skills, experience and reputation.  As described below, the rates sought for each Goodwin Procter and ACLU attorney are in line with rates approved by this and other courts in Boston, adjusted for changes in the market over the last six to eight years.  *See, e.g., Tuli v. Brigham & Women's Hospital, Inc.*, No. 07-cv-12338, 2009 U.S. Dist. LEXIS 129768, at *5-7 (D. Mass. Jun. 8, 2009) (finding, in 2009, that hourly rates ranging from $570 to $735 for partners and $250 to $495 for associates was reasonable); *see also Fronk, et al. v. Fowler, et al.*, 22 Mass. L. Rptr. 366, 2007 Mass. Super. LEXIS 110, at *13-14 (Mass. Super. Feb. 23, 2007) (finding, in 2007, that hourly rates ranging from $450 to $575 for partners and $195 to $360 for associates was reasonable).

Kevin Martin, one of the chairs of Goodwin Procter's Appellate Practice Group, has extensive courtroom experience, having argued numerous cases before federal and state courts of appeal and briefed more than 40 cases before the United States Supreme Court and other federal, state and foreign appellate courts.  Prior to beginning his appellate practice at Goodwin Procter, Attorney Martin clerked for Justice Antonin Scalia of the U.S. Supreme Court and Judge Laurence Silberman of the District of Columbia Circuit.  Currently, Attorney Martin is lead counsel on four cases in which he and other Goodwin Procter attorneys have brought constitutional challenges on behalf of *pro bono* clients whose First Amendment rights, much like Plaintiffs here, have been restricted by overbroad speech restrictions.  By virtue of his extensive experience, and particularly the expertise he has developed through litigating multiple First Amendment cases addressing the very issues at play in this case, the $640 to $680 hourly rate Plaintiffs seek for Attorney Martin's time is reasonable, and is lower than Martin's standard rate.[2]

Attorney Segal is Legal Director of the ACLU of Massachusetts.  Attorney Segal has particular and specialized expertise in the area of First Amendment law.  *See, e.g.*, *Thayer v. City of Worcester*, 755 F.3d 60 (1st Cir. 2014), cert. granted and judgment vacated, 135 S. Ct. 2887 (2015) (direct representation involving the First Amendment right to beg); *United States v. Mehanna*, 735 F.3d 32 (1st Cir. 2013) (amicus brief concerning First Amendment implications of terrorism prosecution); *Commonwealth v. Walters*, 37 N.E.3d 980 (Mass. 2015) (amicus brief concerning First Amendment implications of anti-stalking law); *Commonwealth v. Lucas*, 34 N.E.3d 1242 (Mass. 2015) (amicus brief concerning First Amendment implications of ban on

---

[2] For purposes of this fee request a 20% discount has been applied to the hourly rates of all Goodwin Procter attorneys.  *See* November 6, 2014 Affidavit of Kevin P. Martin at ¶

false speech relating to political campaigns). *See* November 6, 2015 Affidavit of Matthew Segal at ¶ 7-15. In light of his expertise in First Amendment law and experience litigating such constitutional claims, the $625 hourly rate Plaintiffs seek for Attorney Segal's time is reasonable and in line with the prevailing Boston, MA rates.

Attorney Wunsch is the Deputy Legal Director of the ACLU of Massachusetts. She has extensive experience litigating citizen's free speech right, including serving as the lead attorney in *Benefit v. City of Cambridge,* 679 N.E.2d 184 (Mass. 1997) where the Massachusetts Supreme Judicial Court struck down a Massachusetts law making it a crime to beg. *See* November 6, 2015 Affidavit of Sarah Wunsch at ¶¶ 4-6 . Ms. Wunsch's particularized First Amendment expertise justifies the $750 hourly rate Plaintiffs seek for her time and is in line with prevailing Boston, MA rates.

Attorney Carroll is a litigation partner in Goodwin Procter's Boston office. Following a year clerking for then-Chief Judge of the U.S. Court of Appeals for the Third Circuit, Edward Becker, Carroll has thirteen years of experience in intellectual property and other complex litigation. The $646 to $676 hourly rate Plaintiffs seek for Carroll's time is reasonable, and is lower than Carroll's standard rate.

As verified in the attached affidavits and declarations, the rates used to calculate the lodestar for the work done by each other associate in this case reflects Boston, MA rates for work done by associates with the same level of experience. The $392 to $500 hourly rates Plaintiffs' seek for Attorneys Zimmer and Lusic align with Boston, MA rates and reflect their specialized constitutional law and litigation expertise. The $284 to $372 hourly rates used to calculate time for Attorneys Zhang, Kirsch and Lawson also are reasonable under prevailing Boston, MA rates.

- **Counsel Have Voluntarily Reduced the Fees They Are Seeking.**

Plaintiffs have voluntarily made significant reductions in the hours of attorney time for which they are seeking fees, even though such fees are compensable and even though the fees reflect attorney work that contributed directly to the success of Plaintiffs' case. For example, Plaintiffs' homeless status necessitated additional attorney travel time to and from Lowell to review documents and speak with Plaintiffs as opposed to other forms of communications (e.g., phone calls and e-mail); however, Plaintiffs' are not seeking fees in connection with all attorney travel time even though this time is compensable and Plaintiffs' Boston-based counsel used their trips to Lowell to appropriately engage with their clients. *See Hutchinson v. Patrick*, 636 F.3d 1, 29 (1st Cir. 2011) ("[t]ravel is often a necessary incident of litigation" and "may be reimbursed in a fee award").

Plaintiffs have also eliminated from the fee request all time spent addressing the City's motion for Plaintiffs' criminal records that was argued on July 14, 2015. Counsel's work on this issue represented a substantial amount of time and effort in defending the Plaintiffs' privacy and was particularly important to the Plaintiffs who strongly felt that the City's request was harassment and not in furtherance of the case. Likewise, Plaintiffs are not seeking fees related to their motion to compel discovery that was argued on July 14, 2015.

Plaintiffs have also taken major reductions in the hours spent strategizing and preparing for argument before this Court. The fee request excludes time spent by several Goodwin Procter partners who participated as judges in moot courts before the oral arguments. These partners have active litigation and appellate practices and extensive experience arguing motions before state and federal appeals courts.

Finally, Plaintiffs have excluded all time spent by Goodwin Procter paralegals and court procedure attorneys who provided assistance on the case by reviewing and proofing filings and

10

conducting factual research on the City's witnesses and police records.

## II. LITIGATION EXPENSES.

In determining what litigation expenses to award separately, the benchmark is the ordinary practice of the firm of the prevailing party's counsel with respect to the expenses in question. *See Boston & Me. Corp. v. Moore*, 776 F.2d 2, 11 (1st Cir. 1985); *Cushing v. McKee*, 853 F. Supp. 2d 163, 176-77 (allowing "reasonable out-of-pocket expenses in conjunction with the fee award). Plaintiffs' counsel's expenses, for which they are seeking an award of costs (which, as with the time for which they are seeking fees, are not the full amount of their expenses) are 7,547.75, a modest amount.

## III. CONCLUSION AND SUMMARY.

Plaintiffs are entitled to receive payment from the City for the following attorneys' fees and litigation expenses:

| | |
|---|---|
| Goodwin Procter Attorney fees:<br>(applying across the board a 20% discount to hourly rates) | $688,873.60 |
| Attorney's fees of Attorney Segal: | $10,062.50 |
| Attorney's fees of Attorney Wunsch: | $7,125.00 |
| Costs: | $7,547.75 |
| **Total:** | **$713,608.85** |

*See* November 6, 2015, Affidavit of Kevin P. Martin at Exhibits A and J; November 6, 2015, Affidavit of Matthew Segal at Exhibit A, and November 6, 2015, Affidavit of Sarah R. Wunsch at Exhibit A.

Dated: November 6, 2015           Respectfully submitted,

KENNETH MCLAUGHLIN, and JOSHUA WOOD

By their attorneys,

/s/ Kevin P. Martin
Kevin P. Martin (BBO# 655222)
Robert D. Carroll (BBO# 662736)
Corrine L. Lusic (BBO#  676756)
Goodwin Procter LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax.:  617.523.1231
KMartin@goodwinprocter.com
RCarroll@goodwinprocter.com
CLusic@goodwinprocter.com

David Zimmer (*pro hac vice*)
Goodwin Procter LLP
Three Embarcadero Center, 24th Flr.
San Francisco, CA 94111
Tel.:  415.733.6006
Fax.: 415.677.9041
DZimmer@goodwinprocter.com

Matthew R. Segal (BBO# 654489)
Sarah R. Wunsch (BBO# 548767)
American Civil Liberties Union
of Massachusetts
211 Congress Street
Boston, Massachusetts 02110
Tel.: 617.482.3170
Fax.: 617.451.0009
MSegal@aclum.org
SWunsch@aclum.org

**CERTIFICATE OF SERVICE**

      I, Kevin P. Martin, hereby certify that the following documents are being filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on November 6, 2015: Affidavit of Sarah Wunsch, Affidavit of Matthew Segal, Affidavit of Kevin P. Martin, Memorandum of Law in Support of Plaintiffs' Motion for Award of Attorney's Fees and Litigation Expenses, and Plaintiffs' Motion for Award of Reasonable Attorney's Fees and Litigation Expenses. These documents will be available for viewing and downloading from the ECF system.

      /s/ Kevin P. Martin

      Kevin Martin